**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raven Thoman,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-23-00413-TUC-AMM<br><br>**ORDER** |

On July 23, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation recommending that this Court deny Plaintiff's appeal and affirm the Commissioner's denial of Social Security benefits. (Doc. 21.) Plaintiff filed objections to the R&R. (Doc. 23.) The Commissioner did not respond to the objections. For the following reasons, the Court will overrule Plaintiff's objections and affirm the R&R.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

**I.    Procedural History**

This case presents a sole legal issue for review by the Court: whether the Administrative Law Judge (ALJ) failed to demonstrate that jobs exist in significant numbers at Step Five of the disability evaluation process. (Doc. 17 at 2; doc. 19 at 1.) The

ALJ limited Plaintiff to light work, except that he "can perform simple, routine work, no fast paced work environment, no static pace work such as assembly line, would be off task less than 10% of the work day; must work in a calm environment free of sudden and loud noises; requires occasional repeated directions, particularly when new tasks are assigned; can occasionally reach overhead with the left upper extremity, [and] may never be exposed to concentrated dust, fumes, or pulmonary irritants." (AR 28-29.) A vocational expert (VE) testified at a September 1, 2022 hearing that an individual with these limitations would be able to perform the jobs of "marker," with approximately 137,000 jobs available in the national economy, "cafeteria attendant," with approximately 19,000 available jobs, and "office helper," with approximately 14,000 available jobs. (AR 33, 79.) Plaintiff, through counsel, had an opportunity to examine the VE at the hearing. (AR 79-81.) Plaintiff questioned the VE about hypothetical limitations not included in the RFC and did not question the VE about the jobs she testified Plaintiff could perform. (*Id.*)

Based on the VE's testimony, the ALJ found that Plaintiff had work available in significant numbers in the national economy and therefore found Plaintiff not disabled in an October 18, 2022 decision. (AR 33-34.) The ALJ found the VE's testimony consistent with the information contained in the Dictionary of Occupational Titles (DOT). (*Id.*)

On November 8, 2022, Plaintiff sought to reopen his case to allow for additional VE interrogatories. (AR 317-319.) In his request to reopen, Plaintiff argued that his RFC contained elements that "appear to implicate" the temperaments factor found in the 1991 Revised Handbook for Analyzing Jobs. (AR 317.) Plaintiff argued that each of the three jobs that the ALJ found Plaintiff could perform implicated a temperament factor that should have excluded the job from consideration. (AR 317.) Specifically, Plaintiff argued that his RFC limitations precluded jobs involving the temperament factors of "repetitive and short-cycle work" and "performing effectively under stress" and required that jobs include the temperament factor of "working under specific instructions." (AR 317-18.) Plaintiff then performed a job search that included or excluded these temperament factor

limitations in addition to the RFC limitations. (AR 318.) That search returned four job titles with a total of 433 jobs available in the national economy. (*Id*.) Plaintiff posited that the discrepancy between these results and the VE findings warranted reopening the case. (AR 318-19.) The ALJ did not respond to the request to reopen. (*See* doc. 19 at 3.)

Plaintiff requested review of the ALJ's decision by the Appeals Council (AC). (AR 1-6.) In that request, Plaintiff argued that the ALJ failed to show that jobs exist in significant numbers because the ALJ relied on unreliable VE testimony. (AR 324-326.) The AC considered Plaintiff's arguments and found that they did not warrant review of the ALJ's decision. (AR 1-6.) This appeal followed.

**II.     Analysis**

Plaintiff objects to the Magistrate Judge's conclusions that (1) the Court lacks jurisdiction to review Plaintiff's request to reopen and (2) Plaintiff's job numbers evidence is not probative. (*See* doc. 21 at 5-11; doc. 23.) The objections fail for the following reasons.

**A. The Court lacks jurisdiction to review the request to reopen.**

Plaintiff broadly asserts, without citing authority or referring to any specific finding or recommendation by the Magistrate Judge, that the ALJ's failure to respond to his request to reopen is a final decision reviewable by this Court. (Doc. 23 at 5.)

Objections must identify the specific findings in the R&R to which objection is made. 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those . . . specified proposed findings or recommendations to which objection is made"). Objections to an R&R "are not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). The benefit of magistrate judges in the federal system ceases to exist "if the district court is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate." *Id*. Accordingly, district courts preclude objections that seek to relitigate arguments already raised to, and rejected by, the Magistrate Judge. *Williams v. Navarro*, No. 18-CV-1581 TWR (KSC), 2022 WL

16758479, at *1 (S.D. Cal. Nov. 8, 2022), *aff'd*, No. 22-55974, 2024 WL 1875007 (9th Cir. Apr. 30, 2024) (general objections do not trigger *de novo* review).

Here, Plaintiff fails to cite a basis for his objection to the Magistrate Judge's conclusion on the jurisdictional issue; furthermore, he repeats the exact arguments raised to and rejected by the Magistrate Judge, but in an even more cursory and conclusory form. Accordingly, Plaintiff fails to raise a sufficiently specific objection to the R&R. However, because the objection concerns a jurisdictional dispute, the Court has reviewed *de novo* the parties' arguments and the Magistrate Judge's findings as to this issue. (*See* doc. 21 at 5-7; doc. 17 at 6-8; doc. 19 at 3); *see also Hagberg*, 2009 WL 3386595 at *1. The Court agrees with the Magistrate Judge's conclusion that the Court lacks jurisdiction to review a denial of a request to reopen because such a decision "is discretionary and does not constitute a final decision . . . subject to judicial review." *See Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001).[1] Accordingly, the objection is overruled.

**B. Plaintiff is not entitled to present new evidence after denial of his claim.**

Plaintiff further objects that the Magistrate Judge erred by finding the job numbers evidence not probative.[2] (Doc. 23.) However, the Court sees no reason to reach the question of whether the job numbers evidence was probative because the Social Security regulations do not guarantee a claimant the ability to present new evidence after an ALJ has issued her decision.

The regulations governing judicial review of Social Security decisions provide that courts may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 404.395 (ALJ may decline to consider evidence that is not submitted at least 5 days before the hearing unless specific,

---

[1] An exception applies where the denial of a petition to reopen is challenged on constitutional grounds. *See id*. Here, Plaintiff has not raised a constitutional challenge.
[2] This is the Court's interpretation of Plaintiff's objection. The objection is arguably too general and non-specific to trigger *de novo* review, and "guessing at issues is clearly undesirable." *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

delineated circumstances apply); 20 C.F.R. § 404.944 (ALJ may reopen a hearing to receive new and material evidence before mailing a notice of decision); *Brandy Lynn W. v. O'Malley*, 2024 WL 3164887, at *4 (D. Idaho June 10, 2024), *report and recommendation adopted sub nom. BRANDY LYNN W., Plaintiff, v. MARTIN J. O'MALLEY, Comm'r of Soc. Sec. Admin., Defendant.*, 2024 WL 3162894 (D. Idaho June 25, 2024) (claimant has right to present evidence before claim is denied).

Plaintiff has neither argued nor shown that good cause exists for the failure to present the job numbers evidence to the ALJ before her decision was issued. Plaintiff was given an opportunity to question the VE at the hearing and did so. Further, approximately six weeks passed between the hearing and the issuance of the ALJ's decision, during which time Plaintiff could have submitted the job numbers evidence. However, Plaintiff did not submit the evidence until after receiving the unfavorable decision.[3] Not only was the ALJ not required to reopen the case after issuing her decision, she also was not required to consider evidence that was presented after the hearing, absent specific, delineated circumstances that are not present here. *See* 20 C.F.R. § 404.935(b). Finally, there is no indication in the record of a due process or other constitutional violation that would justify remand. *See Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001). Accordingly, the Court lacks a legal basis to order remand for consideration of Plaintiff's job numbers evidence and therefore need not reach the question of whether the evidence is probative. For these reasons, Plaintiff's objection is overruled.

### III.   Conclusion

The Court has reviewed *de novo* the objected-to portions of Magistrate Judge Markovich's Report and Recommendation and has reviewed the unobjected portions for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for

---

[3] Plaintiff contends that he submitted the evidence before the ALJ's decision became final and while it was still subject to revision by the ALJ under 20 C.F.R. § 416.1487. (Doc. 23 at 2-3); *see also* 20 C.F.R. § 416.1455. This does not change the Court's analysis.

clear error."). The Court finds no error in Magistrate Judge Markovich's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (doc. 23) are **overruled**.

**IT IS ORDERED** that the Report and Recommendation (doc. 21) is **accepted and adopted in full**, and the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 19th day of September, 2024.

_____
Honorable Angela M. Martinez
United States District Judge